UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Bridget J., | Civ. No. 23-3721 (PAM/ECW) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Martin J. O'Malley, Commissioner of Social Security Administration, | |
| Defendant. | |

This matter is before the Court on the parties' cross-Motions for judgment on the administrative record.  For the following reasons, Plaintiff's Motion is denied, Defendant's Motion is granted, and this matter is dismissed with prejudice.

**BACKGROUND**

Plaintiff Bridget J.[1] filed a Title II application for disability insurance benefits on March 15, 2021, and an application for supplemental security income benefits on July 15, 2021.  (Admin. R. (Docket No. 11) at 10.)  In both applications, Plaintiff alleges that she became disabled on March 10, 2021, as a result of lupus, Raynaud's Disease, night-shift disorder, anxiety, depression, hypothyroidism, and chronic foot pain.  (Id. at 10, 278, 310.)

An individual is considered disabled for purposes of Social Security disability benefits if she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in

---

[1]  This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in orders in Social Security matters.

death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, an individual is disabled "only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. § 1382c(a)(3)(B). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled. 20 C.F.R. § 416.920(a)(4). At step one, the claimant must establish that she is not engaged in any "substantial gainful activity." Id. § 416.920(a)(4)(i). If she is not, the claimant must then establish that she has a severe medically determinable impairment or combination of impairments at step two. Id. § 416.920(a)(4)(ii). At step three the Commissioner must find that the claimant is disabled, if the claimant satisfies the first two steps and the claimant's impairment meets or is medically equal to one of the listings in 20 C.F.R. Pt. 404, Subpart P, App'x 1. Id. § 416.920(a)(4)(iii). If the claimant's impairment does not meet or is not medically equal to one of the listings, the evaluation proceeds to step four. The claimant then bears the burden of establishing her residual functional capacity ("RFC") and proving that she cannot perform any past relevant work. Id. § 416.920(a)(4)(iv); Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). If the claimant proves she is unable to perform any past

relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work existing in a significant number of jobs in the national economy.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).  If the claimant can perform such work, the Commissioner will find that the claimant is not disabled.  20 C.F.R. § 416.920(a)(4)(v).

Plaintiff's application for benefits was denied initially and on reconsideration.  (Admin. R. at 125, 147.)  In March 2023, at Plaintiff's request, an Administrative Law Judge ("ALJ") held a hearing on Plaintiff's application.  (Id. at 30, 162.)  Plaintiff testified and was represented by an attorney at this hearing.  (Id. at 40-59.)  Thereafter, the ALJ issued his written decision.  (Id. at 10-24.)

The ALJ determined that Plaintiff had several severe impairments: lupus, mixed connective tissue disease, Raynaud's with Chilblain's, obesity, and cervical spine facture status post-surgery.  (Id. at 13-16.)  The ALJ found, however, that none of Plaintiff's impairments met or medically equaled any listed impairments.  (Id. at 16-17.)  The ALJ next determined that Plaintiff had the capacity for light work with some limitations, including that she have no exposure to extreme cold, vibrations, or hazards, and that she may only occasionally climb ladders, ropes, or scaffolds.  (Id. at 17.)  The ALJ further determined that Plaintiff would be absent from work not more than once per month to receive infusions to treat her lupus.  (Id. at 17-20.)

After considering testimony from a vocational expert, the ALJ determined that there were jobs Plaintiff could perform in sufficient numbers in the national economy, and therefore found that Plaintiff was not disabled.  (Id. at 22-23.)  The Appeals Council denied

Plaintiff's request for review of the ALJ's decision, and this lawsuit followed. See 42 U.S.C. § 405(g) (providing for judicial review of final decisions of the Commissioner of the Social Security Administration).

**DISCUSSION**

Judicial review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole." McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000). "Substantial evidence . . . is more than a mere scintilla." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (quotation omitted). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). This "threshold . . . is not high." Id. "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision." Perks v. Astrue, 687 F.3d 1086, 1091 (8th Cir. 2012) (quotation omitted).

Plaintiff first argues that the vocational expert's methodology to identify job numbers does not meet the substantial evidence standard and that he failed to provide adequate support for his methodologies. The vocational expert relied on the Dictionary of Occupational Titles and used his 45 years of job-placement experience to determine job-placement numbers. (Admin. R. at 23, 56-57.) At the hearing, Plaintiff's counsel did not challenge the vocational expert's qualifications or methodologies, thus waiving any such objections. (See id. 57-58.)

4

Even if Plaintiff has preserved her objections to the vocational expert's testimony, her challenges regarding job numbers are without merit. The regulations instruct the parties to take administrative notice of the Dictionary of Occupational Titles. 20 C.F.R. §§ 404.1566(d)(1), 414.966(d)(1). Moreover, the Eighth Circuit Court of Appeals has determined that an ALJ may rely on the Dictionary of Occupational Titles, even though it was last updated in 1991. Medved v. Kijakazi, 855 F. App'x 311 (8th Cir. 2021) (citations omitted). Although Plaintiff urges the court to find that Biestek supports her argument that vocational experts must explain their methodology, courts in this District and in the Eighth Circuit "have rejected Plaintiff's interpretation of Biestek, holding that ALJs are not under a per se obligation to inquire into the data underlying a VE's job number estimates." Hue Y. v. O'Malley, Civ. No. 23-209, 2023 WL 9289112, at *6 (D. Minn. Dec. 29, 2023) (Foster, M.J.) (citing Lovett v. Saul, Civ. No. 4:19-2126 (JAR), 2020 WL 1984014, at *4-5 (E.D. Mo. Apr. 27, 2020)). As a result, Plaintiff fails to demonstrate that the ALJ erred in relying on the vocational expert's testimony regarding job numbers.

Plaintiff further argues that the vocational expert's testimony that Plaintiff could perform the jobs of deburrer and stuffer was inconsistent with the RFC finding that Plaintiff's work not include vibration. But the Dictionary of Occupational Titles explicitly states that no vibration is present in those jobs. Dictionary of Occupational Titles, "Driller and Deburrer, Reflector", 676.686-014 (4th ed. 1991), 1991 WL 678035; Dictionary of Occupational Titles, "Quilt Stuffer", 789.687-130 (4th ed. 1991), 1991 WL 681282. Plaintiff does not provide support for her assertion that the jobs must inevitably involve

5

exposure to vibration. Thus, Plaintiff fails to demonstrate that the ALJ erred in his conclusion that the vocational expert's testimony was consistent with the RFC finding,

Plaintiff next contends that the ALJ erred in finding that Plaintiff would not miss more than one day of work per month to receive infusions to treat her lupus. Plaintiff asserts that she receives infusions every four weeks, and thus would be absent from work more than 12 times annually, the work-preclusive limit to which the vocational expert testified. But Plaintiff's treatment records indicate that she has previously received infusions at 30-day intervals, indicating that Plaintiff's infusions need not be administered precisely every four weeks. (Admin. R. at 564, 796.) Moreover, Plaintiff's treatment records indicate that the infusion appointments last no longer than two hours, and she has not demonstrated that she must miss an entire day of work to receive an infusion. (Id. at 795, 1470, 1789.) Although Plaintiff contends that she would require additional absences due to other conditions and to attend various appointments, she does not cite to any evidence to support her argument that the ALJ underestimated the number of days from which she would be absent from work. See 42 U.S.C. § 423(d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability . . ..").  Therefore, Plaintiff has not demonstrated that the ALJ erred in adopting the vocational expert's conclusion regarding absences in the RFC.

**CONCLUSION**

Substantial evidence supports the ALJ's conclusion that Plaintiff is not disabled. Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion for Judgment (Docket No. 12) is **DENIED**; and

2. Defendant's Motion for Judgment (Docket No. 16) is **GRANTED**; and

3. This matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>July 16, 2024</u>                                    *s/ Paul A. Magnuson*
                                                                                           The Hon. Paul A. Magnuson
                                                                                          United States District Court Judge